[No. 25234. Department One. December 12, 1934.]

BEARING SALES & SERVICE, INC., *Respondent*, v. ISAACSON IRON WORKS, *Appellant*.[1]

*Ballinger, Clark, Mathewson & Force*, for appellant.
*Robert B. Porterfield*, for respondent.

MAIN, J.—This action was brought to recover the balance due for bearings sold and delivered by the plaintiff to the defendant. The cause was tried to the court without a jury, and resulted in findings of fact from which it was concluded that the plaintiff was entitled to recover. Judgment was entered against the defendant in the sum of $665.22, from which the defendant appeals.

The facts are these: The SKF Industries, Inc., is a manufacturer of SKF bearings, with plants at Philadelphia, Pennsylvania, and Hartford, Connecticut. It has a branch in Portland, Oregon. The territory covered by the Portland branch includes the state of Washington. The respondent, Bearing Sales & Service, Inc., is a corporation engaged as a distributor of the SKF bearings, and operates in the territory covered by the Portland branch. The appellant, Isaacson Iron Works, is a corporation engaged in the manufacturing business. The principal place of business of that corporation, as well as that of the respondent, is the city of Seattle.

In the spring of the year 1933, the appellant had the contract for fabricating a number of derricks, in the construction of which bearings would be used. A representative of the respondent called upon the appellant for the purpose of selling to it SKF bearings, and a price list was submitted. Subsequently, and on May twelfth of that year, the appellant gave an order to the respondent for a listed number of bearings, on the face of which order appears "Special Mfg. Prices." Subsequently, the bearings were furnished, and invoices from time to time were sent to the appellant, which contained the same prices as those upon the list furnished by the respondent to the appellant prior to the giving of the order. After the bearings had been furnished, the appellant, claiming that it was the understanding that it was to get the lowest manufacturers' price made to any customer of the SKF industries, refused to pay the balance for which this action was brought.

The parties are in accord that the appellant was to get special manufacturers' prices, but the appellant says that it was to com-

[1]Reported in 38 P. (2d) 398.

municate with eastern connections and ascertain the lowest price given by the home office to a customer, and that was to be the ruling price as to it. The respondent says that the appellant was to get special manufacturers' prices, and, in fact, not only got these, but got the lowest price that it could obtain in this territory had it dealt directly with the Portland branch.

The question thus presented is purely one of fact, and the testimony of the witnesses called by the respective parties is, in material respects, in dispute. After hearing and considering this testimony, as well as the other evidence in the case, the trial court found:

"That there was no agreement between the parties permitting defendant to fix the sale prices or determine what were 'special mfg. prices'. That the prices quoted by plaintiff were in fact 'special mfg. prices' as referred to in defendant's order."

After reading and considering all of the evidence in the case, we are of the view that the finding of the trial court upon the controlling question at issue is sustained by the preponderance thereof. Since the case necessarily turns upon a question of fact, it would serve no useful purpose to prolong this opinion and review the evidence in detail.

The judgment will be affirmed.

BEALS, C. J., TOLMAN, MILLARD, and MITCHELL, JJ., concur.